**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAUL KENDRICK, | : | |
| **Plaintiff,** | : | |
| | : | **No. 1:19-cv-1642** |
| v. | : | |
| | : | **(Judge Kane)** |
| C.O. HANN, <u>et</u> <u>al.</u>, | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the Court are <u>pro</u> <u>se</u> Plaintiff Paul Kendrick ("Plaintiff")'s motions for

default judgment (Doc. Nos. 18, 21), motion for leave to file an amended complaint (Doc. No.

31) and proposed amended complaint (Doc. No. 31-1), the Clerk of Court's January 22, 2020

entry of default against Defendants (Doc. No. 22), Defendants' motion to dismiss (Doc. No. 25),

and Defendants' "motion to reopen" the entry of default (Doc. No. 25). For the reasons set forth

below, the Court will grant Defendants' "motion to reopen" (Doc. No. 25), set aside the Clerk's

entry of default (Doc. No. 22), deny Plaintiff's motions for default judgment (Doc. Nos. 18, 21),

grant his motion for leave to file an amended complaint (Doc. No. 31), and deny as moot

Defendants' motion to dismiss (Doc. No. 25).

**I.      BACKGROUND**

Plaintiff, who is presently incarcerated at the State Correctional Institution Smithfield in

Huntingdon, Pennsylvania ("SCI Smithfield"), initiated the above-captioned action by filing a

complaint pursuant to 42 U.S.C. § 1983 against Defendants C.O. Hann ("Hann"),[1] CO Anders

("Anders"), Unit Manager Kendrick ("Kendrick"), and Superintendent Kevin Kauffman

---

[1] Plaintiff's complaint references Defendant Hann as "Han." However, Defendants' filings
indicate that the correct spelling of this Defendant's name is Hann. The Court, therefore, will
direct the Clerk of Court to amend the docket to reflect the correct spelling.

("Kauffman"), alleging that they violated his First, Eighth, and Fourteenth Amendment rights by retaliating against him, imposing restrictions without a misconduct hearing, and subjecting him to unconstitutional conditions of confinement. (Doc. No. 1.) In an Order dated October 28, 2019, the Court granted Plaintiff leave to proceed in forma pauperis and directed the Clerk of Court to effect service of his complaint upon Defendants. (Doc. No. 13.)

Defendants returned signed waivers of service on November 25, 2019. (Doc. No. 17.) By signing the waivers of service, Defendants represented their understanding that they were required to file and serve an answer or other response to the complaint within sixty (60) days from October 30, 2019, or by December 30, 2019. (Id.) Defendants, however, did not do so. On December 10, 2019, Plaintiff filed a motion for default judgment. (Doc. No. 18.) In an Order dated January 7, 2020, the Court directed Plaintiff to show cause within ten (10) days why his motion should not be deemed withdrawn for failure to file a brief in support pursuant to Local Rule 7.5. (Doc. No. 19.) In response, Plaintiff filed a request for Clerk's entry of default (Doc. No. 20) and a second motion for default judgment (Doc. No. 21). The Clerk of Court entered default against Defendants on January 22, 2020. (Doc. No. 22.) That same day, Defendants filed their motion to dismiss (Doc. No. 23) and brief in support thereof (Doc. No. 24).

On January 23, 2020, Defendants filed their "motion to reopen" the entry of default. (Doc. No. 25.) On February 7, 2020, the Court directed Defendants to show cause within seven (7) days why their motion should not be deemed withdraw for failure to file a brief in support pursuant to Local Rule 7.5. (Doc. No. 26.) That same day, Defendants filed a motion for leave to file a brief in support nunc pro tunc (Doc. No. 27) and their brief in support thereof (Doc. No. 28). In an Order dated February 10, 2020, the Court granted Defendants' motion for leave to file

a brief in support <u>nunc</u> <u>pro</u> <u>tunc</u> and noted that Plaintiff could file a response to the "motion to

reopen" within fourteen (14) days. (Doc. No. 29.) On February 10, 2020, the Court received

Plaintiff's brief in opposition (Doc. No. 30) to Defendants' motion to dismiss as well as his

motion for leave to file an amended complaint (Doc. No. 31) and proposed amended complaint

(Doc. No. 31-1). On February 19, 2020, Plaintiff filed his response to Defendants' "motion to

reopen." (Doc. No. 32.)

## II.      DISCUSSION

### A.      Defendants' "Motion to Reopen" and Plaintiff's Motions for Default Judgment

Defendants seek to "reopen" the Clerk's entry of default, maintaining that an entry of

default was not appropriate in the above-captioned case. (Doc. No. 25 at 2.) In support,

Defendants assert that the Prison Litigation Reform Act ("PLRA") bars a prisoner-plaintiff from

obtaining an entry of default "unless a reply has been filed." (<u>Id.</u> (citing 42 U.S.C.

§ 1997e(g)(1)).

Section 1997e(g) states:

(1) Any defendant may waive the right to reply to any action brought by a prisoner
confined in any jail, prison, or other correctional facility under section 1983 of this
title or any other Federal Law. Notwithstanding any other law or rule of procedure,
such waiver shall not constitute an admission of the allegations contained in the
complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

(2) The [C]ourt may require any defendant to reply to a complaint brought under
this section if it finds that the plaintiff has a reasonable opportunity to prevail on
the merits.

42 U.S.C. § 1997e(g). "Courts have consistently interpreted this provision as barring a prisoner

plaintiff from obtaining an entry of default when no reply has been filed, because a defendant has

no obligation to reply to the complaint." <u>Steele v. Wetzel</u>, No. 14-4823, 2015 WL 7730938, at

*2 (E.D. Pa. Nov. 6, 2015) (collecting cases), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u>, 2015 WL

7734103 (E.D. Pa. Nov. 30, 2015).  Defendants, however, "can be defaulted for failing to follow

a court order requiring [them] to respond to the complaint."  See id.; see also Thomas v. Lawler,

No. 1:10-cv-2437, 2012 WL 2367173, at *2 (M.D. Pa. June 21, 2012) (concluding the same).

In the instant case, the Court agrees with Defendants that the entry of default should be

vacated.  The Court never directed Defendants to respond to Plaintiff's complaint pursuant to

§ 1997e(g)(2) and, therefore, Defendants had no obligation to respond to the complaint.  See

Steele, 2015 WL 7730938, at *2; Thomas, 2012 WL 2367173, at *2.  Accordingly, the Court

will grant Defendants' motion to reopen (Doc. No. 25) and direct the Clerk of Court to set aside

the default entered on January 22, 2020 (Doc. No. 22).  Plaintiff's motions for default judgment

(Doc. Nos. 18, 21) will, therefore, be denied.  As discussed below, however, the Court will grant

Plaintiff's motion for leave to file an amended complaint.  (Doc. No. 31.)  Defendants, therefore,

will be directed to respond to the amended complaint pursuant to § 1997e(g)(2).

**B.     Plaintiff's Motion for Leave to File an Amended Complaint and Defendants'
         Motion to Dismiss**

On February 10, 2020, Plaintiff filed a motion for leave to file an amended complaint

(Doc. No. 31) and his proposed amended complaint (Doc. No. 31-1).  Rule 15 of the Federal

Rules of Civil Procedure governs amended pleadings.  That rule provides, in pertinent part, that a

party "may amend its pleading once as a matter of course within . . . 21 days after service of a

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever

is earlier."  See Fed. R. Civ. P. 15(a)(1)(B).  In the instant case, Defendants filed their motion to

dismiss pursuant to Rule 12(b)(6) on January 22, 2020.  (Doc. No. 23.)  Plaintiff filed his motion

for leave to file an amended complaint on February 10, 2020, nineteen (19) days later.

Accordingly, because Plaintiff filed his motion within the twenty-one (21) day period set forth

under Rule 15(a)(1)(B), he may amend his complaint as a matter of course.  The Court, therefore,

will grant his motion for leave to file an amended complaint. (Doc. No. 31.) Given this procedural posture, Plaintiff's initial complaint "is no longer the operative pleading in the above-captioned action. Accordingly, the Court will deny [Defendants'] motion to dismiss [Doc. No. 23] Plaintiff's [initial] complaint as moot." See Nguyen v. Elwood Staffing Servs., Inc., No. 1:18-cv-1313, 2019 WL 4256361, at *3 n.5 (M.D. Pa. Sept. 9, 2019).

## III.     CONCLUSION

For the foregoing reasons, the Court will grant Defendants' "motion to reopen" (Doc. No. 25) and direct the Clerk of Court to set aside the default entered on January 22, 2020 (Doc. No. 22). Plaintiff's motions for default judgment (Doc. Nos. 18, 21) will be denied. Plaintiff's motion for leave to file an amended complaint (Doc. No. 31) will be granted and Defendants' motion to dismiss (Doc. No. 23) Plaintiff's original complaint will be denied as moot. An appropriate Order follows.