IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL KENDRICK,** | : | |
| Plaintiff | : | No. 1:19-cv-01642 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **C.O. HANN, et al.,** | : | |
| Defendants | : | |

# ORDER

**AND NOW**, on this 14th day of February 2023, upon consideration of Defendant Jeremy Anders ("Defendant Anders")'s motions in limine (Doc. Nos. 90, 92, 94), and in accordance with the Court's accompanying Memorandum, **IT IS ORDERED THAT**:

1. Defendant Anders' motion in limine (Doc. No. 90) to exclude evidence of Paul Kendrick ("Plaintiff")'s previously dismissed claims is **GRANTED in part** and **DENIED in part**, as follows: Plaintiff is permitted to present evidence at trial concerning his First Amendment retaliation and Fourteenth Amendment due process claims against former defendant Hann, but only to the extent that such evidence is relevant to Defendant Anders' state of mind at the time of the alleged events underlying Plaintiff's remaining Eighth Amendment conditions-of-confinement claim against Defendant Anders;

2. Defendant Anders' motion in limine (Doc. No. 92) to introduce evidence of Plaintiff's prior criminal convictions of burglary, theft, and receiving stolen property at trial is **GRANTED**; and

3. Defendant Anders' concurred-in motion in limine (Doc. No. 94) to introduce evidence of Plaintiff's prior complaints at trial is **GRANTED**, as follows: the parties are permitted to present evidence of Plaintiff's prior complaints of misconduct on the part of corrections staff involving excrement, but any ruling by the Court as to any other occasions of Plaintiff's prior complaints of misconduct on the part of corrections staff is deferred until the time of trial.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania